# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 1157 | **DATE** | 3/28/2000 |
| **CASE TITLE** | Haney vs. Mathus, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/27/2000 at 2:30 P.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, Defendant Mathus' Motion Summary Judgment on Count V is GRANTED. Defendants' Motion to Dismiss is GRANTED as to Counts I,IV,VI,VII,VIII, DENIED as to Count II, and GRANTED AS TO CLAIM FOR PUNITIVE DAMAGES BUT OTHERWISE DENIED as to Counts IX,X, and XI. Parties to present preliminary pretrial scheduling order at the next hearing.

(8-1, 5-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 38 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

REVEREND MARRELL HANEY, )
)
Plaintiff, )
) No. 97 C 1157
v. )
) HON. JOHN A. NORDBERG
H. MATHUS, L. ELLER, and THE )
VILLAGE OF CALUMET PARK, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Reverend Marrell Haney ("Haney"), has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against Officer Defendants Herman Mathus ("Mathus") and L. Eller ("Eller"), both employed by the Village of Calumet Park Police Department, and against Defendant Village of Calumet Park ("Village"). In his first amended complaint, Haney raises several claims against Defendants, all of which relate to two instances in which Haney was allegedly illegally arrested and detained. Mathus and the Village have moved to dismiss several of Haney's claims, a motion Eller subsequently joined. In addition, Mathus has moved for summary judgment on Count V of the first amended complaint.

## BACKGROUND

Haney claims that he was wrongly arrested twice. On the first occasion, September 30, 1995, Haney alleges that Mathus and Eller arrested him based upon a false information provided by one of Haney's tenants. During the course of arrest, Haney maintains that the officers needlessly sprayed him with Mace and physically abused him. On the second occasion, March

1

1996, Haney alleges that Mathus arrested him pursuant to a warrant that had been quashed. Haney maintains that he notified Mathus of this fact, but that Mathus still arrested him and booked him.

In his complaint, Haney raises two counts of violation of liberty, due process, and equal protection under the Fourteenth Amendment against the Officer Defendants (§1983 -- Counts I and IV), two counts of arrest without probable cause in violation of the Fourth Amendment against the Officer Defendants (§1983 -- Counts II and V), two counts of knowing and intentional use of excessive force in executing his arrest in violation of the Fourth Amendment against the Officer Defendants (§1983 -- Counts III and VI), and several state law claims against Mathus and the Village, including one count of false arrest (Count VII), one count of false imprisonment (Count VIII), one count of assault (Count IX), one count of battery (Count X), and one count of intentional infliction of severe emotional distress (Count XI). Currently before the court is Defendants' motion to dismiss and Mathus' motion for summary judgment.

## LEGAL STANDARDS

### A. Motion to Dismiss

Evaluating the legal sufficiency of a plaintiff's factual allegations requires the court to adhere to a strict standard. A court may grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir.1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When considering a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff.

*Cornfield v. Consolidated High School District No. 230*, 991 F.2d 1316, 1324 (7th Cir.1993). However, the court need not accept conclusory legal allegations as true. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir.1994). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B. Motion for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, the court may grant summary judgment only if the factual record shows that no genuine issue of material fact exists and the movant is therefore entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bratton v. Roadway Package System, Inc.*, 77 F.3d 168, 173 (7th Cir. 1996). The movant bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Hudson Insurance Co. v. City of Chicago Heights*, 48 F.3d 234, 237 (7th Cir. 1995). If the moving party meets this burden, the nonmovant must reply by setting forth specific facts demonstrating the existence of a genuine issue for trial. FED. R. CIV. P. 56(e); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir.1995). In evaluating the motion, the court must draw all reasonable inferences from the record in the light most favorable to the nonmoving party. *Hamm v. Runyon*, 51 F.3d 721, 724 (7th Cir. 1995). A plaintiff's mere speculation, however, is not an adequate defense to a motion for summary judgment. *Patterson v. Chicago Association for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998). In addition, neither the existence of some claimed factual dispute between the parties nor the presence of some metaphysical doubt as to the material facts is

enough to defeat summary judgment. *Tesch v. County of Green Lake*, 157 F.3d 465, 471 (7th Cir. 1998). The central inquiry is whether the evidence is so one-sided that no reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

### C. Section 1983 & False Arrest

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Liability under §1983 requires proof that the defendants were acting under color of state law and... violated plaintiff's rights ...secured by the Constitution or laws of the United States." *See Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 471 (7th Cir. 1997).

The Fourth Amendment protects the right of people to be free from unreasonable seizures and excessive force during an arrest. *Tesch*, 157 F.3d at 472. "The constitutional right to be free from arrest without probable cause" is clearly established. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000). "Probable cause for an arrest exists if, at the time of the arrest, the facts and circumstances within the police officer's knowledge were sufficient to warrant a reasonable belief that the suspects had committed, were committing, or were about to commit a crime." *Wollin v. Gondert*, 192 F.3d 616, 622 (7th Cir. 1999). Probable cause is an objective test, based upon practical and factual considerations upon which reasonable people rely. *Id.* at 623.

4

In general, an individual cannot prevail on a §1983 claim for false arrest if he was arrested pursuant to a facially valid warrant, even if the warrant is later deemed invalid. *Juriss v. McGowan*, 957 F.2d 345, 350-51 (7th Cir. 1992); *Lowrance v. Pflueger*, 878 F.2d 1014, 1020 (7th Cir. 1989). Similarly, the fact that charges were ultimately dropped against an individual does not mean there was no probable cause for the initial arrest. *Humphrey v. Staszak*, 148 F.3d 719, 728 (7th Cir. 1998). Further, the "booking" of an arrestee, even if that arrestee is ready and able to immediately post bond, does not violate the Fourth Amendment. *Doe v. Sheriff of DuPage County*, 128 F.3d 586, 588 (7th Cir. 1997).

### D. Qualified Immunity

"Qualified immunity shields from liability government officials who are performing discretionary functions in the course of duty to the extent that their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Spiegel*, 196 F.3d at 723 (internal cite omitted). In assessing qualified immunity, the court considers two issues: (1) whether plaintiff has claimed a violation of a federal constitutional right; and (2) whether the constitutional standards regarding the right were clearly established. *Id.* "The purpose of qualified immunity is to protect 'all but the plainly incompetent or those who knowingly violate the law.'" *Humphrey*, 148 F.3d at 727 (internal cite omitted). Police officers are entitled to qualified immunity unless their actions were objectively unreasonable at the time they were taken. *Id.* at 725. *See also Spiegel*, 196 F.3d at 723 (An officer will be immune from claims for false arrest unless "'it is obvious that no reasonably competent officer' would have believed that there was probable cause to arrest").

5

## DISCUSSION

A matter of housekeeping is required before we begin our analysis. Defendants, and the court, presumed that Haney was proceeding against Defendants Mathus and Eller in their *individual* capacities in his §1983 counts. However, in his Response to Defendants' Motion to Dismiss and Motion for Partial Summary Judgment, Haney indicates (in one line) that he is challenging Mathus in his *official* capacity. This statement is at odds with his complaint, given that nothing in the complaint implies Haney sought to sue the officers in their official capacities. Further, in his response, Haney did not indicate whether he intended that the *official* capacity claim be in addition to or in lieu of his *individual* capacity claim. Moreover, Haney did not deign to clarify his position in a surreply, which the Defendants invited and this court expressly permitted. Thus, the question becomes whether Haney misspoke in his response or whether his complaint is badly mispled.

Ultimately, the court will presume the former and deem the complaint directed against the officers in their individual capacities for the following reasons. First, Haney cannot amend his complaint in a response brief; if he wishes to amend his complaint to add official capacity claims, he should seek leave to do so. Second, suing a municipal employee in his "official capacity" is simply another way of asserting a claim against the municipality, *see Lanigan*, 110 F.3d at 479n.5, and a municipality can only be liable under §1983 if a municipal policy or custom caused the injury. *See Abbott v. Village of Winthrop Harbor*, No. 98-3135, 2000 WL 246419 * 4 (7th Cir. March 6, 2000). There is not a single word in Haney's complaint that even obliquely refers to or implies any municipal custom or policy. Third, Haney seeks punitive damages in each of his §1983 counts, and punitive damages are not available against municipalities/individuals sued in

their official capacities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991)[1]

### A. Counts I and IV

Haney alleges in Counts I and IV that the Officer Defendants' conduct in arresting him was "extreme, outrageous, without justification, and shock the conscience." First Amended Complaint ¶ 53, 69. He brings these allegations under the due process and equal protection clauses of the Fourteenth Amendment.[2] Defendants challenge these counts on the grounds that the claims must be raised under the Fourth Amendment and that Haney has not properly alleged any equal protection violation.[3] Defendants are correct.

As the Fourth Amendment specifically addresses seizures/arrests and use of force during arrests, it is inappropriate to raise such claims under a due process theory. *See Tesch*, 157 F.3d at 472. *See also Albright v. Oliver*, 510 U.S. 266, 273-74 (1994); *Graham v. Connor*, 490 U.S. 386, 395 (1989). Further, Haney has failed to state a viable equal protection claim under § 1983 and the Fourteenth Amendment. An equal protection claim must allege that a defendant intentionally discriminated against a plaintiff "because of his identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Center, Inc. v.*

---

[1] For the sake of completeness, if Haney intended to assert claims in both individual and official capacities, the §1983 claims against the defendants in their official capacities and the §1983 claims for punitive damages are dismissed for the reasons stated above.

[2] These counts appear duplicative to Counts II and V, which challenge the two arrests under the Fourth Amendment.

[3] Defendants have asked the court to strike all allegations dealing with the failure to administer *Miranda* warnings. Haney has conceded that he is not basing a claim on the alleged failure, but claims the allegation relates to the Mathus' state of mind. The motion to strike is denied.

7

*McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). In the present case, Haney has failed to allege that the Officer Defendants discriminated against him because of his identification with a particular, historically disadvantaged group. He has also failed to plead any facts showing discriminatory intent.

The court concludes that Counts I & IV must be dismissed. In addition, the court notes that Haney has included "boilerplate" claims of due process and equal protection violations in all his §1983 counts (even those explicitly based on the Fourth Amendment). These additional, "boilerplate" claims are also dismissed.

### B. Count II

Defendants maintain Count II should be dismissed because Mathus and Eller arrested Haney based on a complaint by Dymica Hilt, who told them that Haney had been harassing and threatening her earlier in the day. Defendants maintain that this complaint provided more than sufficient probable cause to justify arresting Haney.

The court concludes that Count II survives Defendants' motion. Defendants are attempting to present what is essentially a factual argument (and therefore more appropriate in a motion for summary judgment) by too broadly construing the allegations in the complaint as facts in their favor. For example, Haney does not explicitly allege that Mathus arrested him based on Hilt's complaint that Haney was threatening and harassing her. While that could be inferred from the colloquy described in Haney's complaint, there are no facts in the record detailing what Mathus relied upon in deciding to arrest Haney, and Haney gets the benefit of any doubts in the context of a motion to dismiss.

### C. Count III & Count VI

Both counts claim excessive use of force during an arrest, against Mathus and Eller for the September 1995 arrest (Count III) and against Mathus for the March 1996 arrest (Count VI).

As to Count III, the Defendants do not appear to have challenged it either in their motion to dismiss or motion for summary judgment. As Haney claims to have been "Maced" and manhandled to such a degree during his arrest that he required hospital treatment, surgery and a lengthy period of physical therapy, this count is clearly adequately pled. Count VI, which Defendants do challenge in their motion to dismiss, is more problematic.

Courts may not apply a more stringent pleading standard in §1983 cases than the notice pleading required by the federal rules. *Sherwin Manor Nursing*, 37 F.3d at 1219. However, "notice" requires some minimum description of defendant's wrongful conduct. *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999). Regarding an excessive force during an arrest claim, an allegation that the officer applied "one violent push and poke" can survive a motion to dismiss (if its not clear from the record that the force was not excessive). *Lanigan*, 110 F.3d at 475-6. It is also axiomatic that a litigant can plead himself out of court.

Haney has laid out the factual allegations in his complaint in considerable detail. In the context of Count III, those allegations included a detailed account of how the officers allegedly injured him. In contrast, the allegations relating to Count VI, while lengthy and detailed, do not include any description of how Defendant Mathus used excessive force, or for that matter any force, against Haney. The court must conclude that Count VI is inadequately pled and must be dismissed.

### D. Count V

Defendant Mathus moves for summary judgment on Count V on the grounds that he has absolute or qualified immunity because he arrested Haney pursuant to a facially valid warrant. According to Mathus' 12(M) Statement,[4] an arrest warrant was issued for Haney by the Circuit Court of Cook County on February 14, 1996. (12(M) at ¶2.) An order recalling the warrant was not entered until May 28, 1996. (12(M) at ¶ 3.) Mathus arrested Haney pursuant to the warrant in March 1996, after first contacting a police dispatcher and ascertaining that the warrant was still active. (12(M) at ¶¶ 8, 9.) After the arrest, Mathus investigated Haney's claim that the warrant had been previously quashed; upon confirming that the warrant had been quashed, Mathus released Haney. (12(M) at ¶¶ 10-15.)

Mathus has qualified immunity,[5] as he was acting pursuant to a facially valid warrant and had no basis for doubting its validity. *See Juriss*, 957 F.2d at 350-51; *Lowrance*, 878 F.2d at 1020. The three additional "facts" that Haney raises in his 12(N) do not change this result. The first, that Mathus was aware of other arrests based on warrants that had been quashed (12(N) at ¶3) is irrelevant. Haney has not raised any claim in his complaint regarding the warrant system and cites no case stating that imperfections in the warrant system prevent officers from relying upon them. Second, that Mathus did not know why a computer system with more comprehensive warrant information was available to patrol officers (12(N) ¶ 4) is a nonsequitor. Third, the alleged inconsistency in Mathus' statements (12(N) at ¶ 5) does not appear to be an inconsistency

---

[4] In his 12(N) Statement, Haney did not respond to the statements of fact presented in Mathus' 12(M). As a consequence, he is deemed to have admitted them.

[5] Absolute immunity does not appear to apply. *See Juriss*, 957 F.2d at 348.

10

at all. Mathus is entitled to summary judgment on Count V.

## E. Counts VII & VIII

Defendants argue that, under Illinois law, a facially valid warrant forecloses claims for false arrest and false imprisonment. Haney has not responded to this contention. As Defendants have correctly stated Illinois law, *see Davis v. Temple*, 284 Ill. App.3d 983, 673 N.E.2d 737, 220 Ill. Dec. 593 (1996); *Weimann v. County of Kane*, 150 Ill. App.3d 962, 502 N.E.2d 373, 104 Ill. Dec. 110 (1986), Counts VII and VIII are dismissed.

## F. Counts IX & X & XI

Defendants challenge these counts on grounds that they are inadequately pled, that state law immunity forecloses them, and that punitive damages are not available on these types of claims under Illinois law.

First, Defendants claim all three counts should be dismissed because they are inadequately pled. In their argument, Defendants appear to be trying to impose a heightened state court pleading standard on the Haney. While the complaint is at best ambiguous as to the allegedly tortious aspects of Defendant Mathus' conduct regarding the March 1996 arrest, Haney's claims appear to satisfy the very liberal federal "notice" pleading standard.

Second, Defendants claim that Mathus is entitled to public official immunity under Illinois law. Defendants emphasize that the federal courts have applied the doctrine to assault and battery claims against police officers. *See Jones v. Village of Villa Park*, 815 F.Supp. 249 (N.D. Ill. 1993); *Magnuson v. Cassarella*, 813 F.Supp. 1321 (N.D. Ill. 1992). However, these cases are distinguishable. First, Haney has alleged willful, bad faith conduct that could foreclose immunity. *See Reese v. May*, 955 F.Supp. 869, 873-75 (N.D. Ill. 1996). Second, both cases involved

11

motions for summary judgment based upon a fully developed factual record rather than a motion to dismiss.

Third, Defendants maintain that 10/2-202 of the Local Governmental Tort Immunity Act forecloses liability because Mathus' conduct was not "willful or wanton misconduct." In the posture of a motion to dismiss, this argument fails, as Haney has alleged willful and wanton misconduct.

Fourth, Defendants maintain that they are immune from claims for punitive damages pursuant to the Local Government Tort Immunity Act. Haney has not meaningfully responded to this argument. As Defendants' correctly stated the law, *see Reese*, 955 F.Supp. at 876-78 (police officer immune from punitive damages under 745 ILCS 10/2-102), the claim for punitive damages on Counts IX, X, and XI will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Mathus' Motion for Summary Judgment on Count V is GRANTED. Defendants' Motion to Dismiss is GRANTED as to Counts I, IV, VI, VII, VIII, DENIED as to Count II, and GRANTED AS TO CLAIM FOR PUNITIVE DAMAGES BUT OTHERWISE DENIED as to Counts IX, X, and XI.

ENTER:

JOHN A. NORDBERG
Senior United States District Judge

DATED: March 28, 2000